

PREET BHARARA
United States Attorney for the
Southern District of New York
BY: SHARON COHEN LEVIN (SCL-4124)
Assistant United States Attorney
One Saint Andrew's Plaza
New York, New York 10007
Tel. (212) 637-1060

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
UNITED STATES OF AMERICA            :
                                    :
        Plaintiff,                  :
                                    :     **COMPLAINT IN**
    - v -                           :     **INTERPLEADER**
                                    :
BARRY FISCHER LAW FIRM, LLC,        :
KESTEN DEVELOPMENT CORPORATION,     :
TURIST- CÂMBIO VIAGENS E TURISMO LTDA, :   10 Civ.
RICHARD E.L. FOGERTY AND G. JAMES   :
CLEAVER AS LIQUIDATORS OF           :
TRADE AND COMMERCE BANK, AND        :
THE FEDERATIVE REPUBLIC OF BRAZIL   :
                                    :
        Defendants in Interpleader  :
                                    :
------------------------------------------------------------------X

COMES NOW Plaintiff United States of America, by its attorney Preet Bharara, United States Attorney for the Southern District of New York, and states for its Complaint in interpleader as follows:

## INTRODUCTION

1. This is an interpleader action for the purpose of obtaining adjudication of the respective rights of the Interpleader Defendants with respect to certain assets held by the United States. On September 23, 2010, the District Court for the District of Columbia entered an order vacating the restraint imposed on the interpleaded funds and ordered the release of such funds. The

United States faces competing demands by the Interpleader Defendants, and cannot determine, without hazard to itself, how to proceed.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the United States' Complaint in Interpleader pursuant to 28 U.S.C. §1335. This is a civil action for interpleader or in the nature of interpleader. The United States had in its custody or possession seized funds valued at $8,216,814.00 (hereinafter "the funds"), and there are two or more adverse claimants of diverse citizenship who are claiming or who may claim to be entitled to all or a portion of the funds.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1397, which provides that any civil action of interpleader or in the nature of interpleader brought under 28 U.S.C. §1335 may be brought in the judicial district in which one or more of the claimants reside.

4. This Court has personal jurisdiction over the Defendants pursuant to 28 U.S.C. §2361, which provides that, in any civil action of interpleader or in the nature of interpleader brought under 28 U.S.C. §1355, a district court may issue process for all claimants and enter an order restraining them from instituting or prosecuting any federal or state court proceeding affecting the property involved in the interpleader action.

## PARTIES

5. Plaintiff is the United States of America, acting by and through its agencies, including the United States Marshals Service ("USMS"), the Asset Forfeiture and Money Laundering Section of the Criminal Division of the United States Department of Justice ("AFMLS") and the United States Attorney of the Southern District of New York.

6. Interpleader Defendant the Barry Fischer Law Firm LLC is a New York limited liability company with its sole office at 550 Fifth Avenue, 6th Floor, New York, NY 10036-5007. The

Barry Fischer Law Firm may be served with process through its Attorney, Barry Fischer at 550 Fifth Avenue, 6 Floor New York, NY 10036-5007.

7. Interpleader Defendants Kesten Development Corporation ("Kesten") and Turist- Câmbio Viagens e Turismo Ltda ("Turist-Câmbio") are companies once used to hold the funds. Kesten is a British Virgin Islands-incorporated company and Turist-Câmbio was a company incorporated under the laws of Brazil. Kesten was allegedly wholly owned by Turist-Câmbio. Kesten and Turist-Câmbio will be served with process, with assistance of the Brazilian authorities, through their presumed and last known beneficial owners in Brazil, namely, Antonio Pires de Almeida ("Pires"), Regina Ruriko Inoue ("Inoue") and Roseli Ciolfi ("Ciolfi"), who are under criminal charges in Brazil for money laundering, illegal currency remittance, tax evasion and various fraudulent activities under Brazilian law.

8. Interpleader Defendant Richard E. L. Fogerty and G. James Cleaver are the liquidators of Trade and Commerce Bank ("TCB"), and have a physical presence in the Cayman Islands. TCB's liquidators may be served process through their U.S. counsel, Chun T. Wright, Esq., Law Office of Chun T. Wright, PLLC, at 1425 K Street, NW, Suite 350, Washington, D.C. 20005 and William T. Reid IV, Esq, Craig Boneau, Esq. and Nathaniel J. Palmer, Esq., Reid Davis LLP, at 4301 Westbank Drive, Building B. Suite 230, Austin, TX 78746.

9. Interpleader Defendant the Federative Republic of Brazil ("Brazil") is a sovereign nation in South America. Brazil may be served process through its Embassy at 3006 Massachusetts Avenue, N.W., Washington, D.C. 20008-3634.

## FACTUAL BACKGROUND

10. In 1999 and 2000 agents of the Drug Enforcement Administration ("DEA"), based upon legally obtained and issued seizure warrants, seized funds from three bank accounts that were

being used by foreign illegal money exchangers to exchange dollars for foreign currencies, in violation of U.S. and foreign laws. The DEA seizures involved $8,221,877.16[1] in United States currency.

11. $6,871,042.36 of the amount in paragraph 10 came from account number *****1107 at MTB Bank, held in the name of, or for the benefit of, Kesten, which was also known as the "Venus account." $1,345,771.64 of the amount in paragraph 10 came from account number ***08 at EAB Bank, held in the name of Forex Associates and held for the benefit of Turist-Câmbio, which was also known as the "Tadeland account."

12. Upon seizure, the currency described in paragraphs 10 and 11 were deposited into the Department of Justice Seized Assets Deposit Fund, which is managed and maintained by the USMS.

13. On June 2, 2000, the United States Attorney's Office for the District of New Jersey filed a civil forfeiture action, Civil Action No. 00-2667, in the United States District Court for the District of New Jersey against $8,221,877.16 of seized U.S currency. The United States District Court for the District of New Jersey ultimately dismissed that civil forfeiture action on July 6, 2004 based on a legal technicality, and ordered the return of most of the seized funds to the claimants Kesten and Turist-Câmbio, in the amounts of $6,871,042.36 and $1,345,771.64 respectively. The United States Attorney's Office for the District of New Jersey appealed the 2004 New Jersey district court decision and ruling.

14. On December 10 and 13, 2004, two Brazilian criminal courts entered restraining orders against the funds, and on January 24, 2005, the Brazilian Federal Prosecution Service obtained a "criminal complaint" against Pires, Inoue, Ciolfi and others, formally charging

---

[1] An additional amount, $5,063.16, was seized from another account in the name of or for the benefit of Ramal Ventures at Israel Discount Bank, but these funds do not belong to any potential party to this suit.

them with money laundering, crimes against the National Financial System, racketeering, illegal currency remitting, and false statements offenses, thus initiating a formal criminal case against these defendants. The criminal cases are still pending.

15. On January 25, 2005, in support of criminal proceedings initiated in Brazil and pursuant to a formal request under the Treaty on Mutual Legal Assistance in Criminal Matters between the United States and Brazil, AFMLS applied to the United States District Court for the District of Columbia ("D.C. District Court") for a restraining order against the funds pursuant to Title 28, United States Code, Section 2467. While the New Jersey appeal was pending, the D.C. District Court, in miscellaneous filing 05-MC-40, issued the requested restraining order on January 26, 2010, specifically allowing the United States to maintain custody over the funds that had been ordered returned by the District of New Jersey on July 6, 2004, pending the outcome of the Brazilian criminal proceedings.

16. Upon information and belief, Pires, Inoue, and Ciolfi are the true beneficial owners of the funds restrained by the D.C. District Court's January 26, 2005 restraining order, and were provided with notice of the D.C. District Court's order, but they never formally challenged the D.C. District Court's order at any time in either their individual or corporate capacities.

17. On June 29, 2010, the liquidators of TCB filed a Motion to Intervene in D.C. miscellaneous filing 05-MC-40. AFMLS opposed the proposed intervention on the grounds that the TCB's liquidators lacked standing to intervene because they did not have a legally cognizable property interest in the funds, and even if they did, they should instead file a claim in pending Brazilian criminal proceedings as required by 28 U.S.C. § 2467(d)(3)(C).

18. On July 16, 2010, the Court of Appeals for the District of Columbia Circuit is its decision in *In re Any and all funds or other assets in Brown Brothers Harriman & Co. Account No.*

*8870792 in the name of Tiger Eye Investments Ltd. ("Tiger Eye")* ___ F.3d ___, Case No. 09-5065, 2010 WL 2794281 (D.C. Cir. 2010), interpreting Title 28, United State Code, Section 2467 to authorize the restraint of assets subject to a foreign forfeiture judgment, but to exclude any pre-judgment restraint of assets subject to foreign forfeiture proceedings.

19. Based upon the *Tiger Eye* ruling, as controlling authority in the District of Court for the District of Columbia, the United States, on August 31, 2010, moved to vacate the D.C. District Court's January 26, 2005 restraining order. On September 23, 2010, the D.C. District Court granted the United States' motion to vacate the January 26, 2005 restraining order, and denied TCB liquidators' Motion to Intervene as moot.

## **ADVERSE CLAIMS**

20. On September 23, 2010, the United States received a letter from Interpleader Defendant, the Barry Fischer Law Firm. In the letter, the Barry Fischer Law Firm claims "a charging lien on one third (1/3) or 33.333% of the restrained funds and accrued interest thereon" as contingent legal fees earned in the New Jersey matter. This contingency agreement was oral and allegedly was made many years after the completion of the New Jersey litigation. The Barry Fisher Law Firm previously demanded that the funds be turned over to it once the January 26, 2005 restraining order was lifted, but when AFMLS demanded proof that the firm still represented the New Jersey claimants, no proof was provided. The Barry Fisher Firm now claims it no longer represents Kesten or Turist Câmbio.

21. Interpleader Defendant, the liquidators of TCB, were appointed liquidators of TCB in 2002. TCB was a Cayman Islands bank set-up and once controlled by the Peiranos family of Uruguay, who TCB's Liquidators allege stole hundreds of millions of dollars in TCB assets, and converted those assets for their own personal use. Approximately $16 million TCB assets

at one point passed through the Venus account prior to DEA's 1999 and 2000 seizures from the Venus account, because a money broker used by the Peiranos family sold or transferred those dollars to the Brazilian owners of the Venus account. Not one dollar of the $16 million in stolen TCB funds that went into the Venus account can be traced to the funds DEA seized from the Venus account.

22. On or about August 18, 2010, TCB's liquidators filed a suit in the British Virgin Islands (BVI) against Kesten, alleging Kesten was somehow liable for the Peiranos fraud. On September 15, 2010 TCB's liquidators secured what appears to be a default *in personam* BVI judgment against Kesten for almost $16 million because Kesten did not appear to defend itself in that BVI action. Kesten was an inactive BVI company and has been so since about 2001. On August 16, 2010 TCB's liquidator's caused Kesten to be reinstated, and also appointed an agent for service of process Kesten, Sucre and Sucre. Upon information and belief, Sucre and Sucre has no connection to the Brazilian beneficial owners of Kesten, and did not take any steps to inform the Brazilian beneficial owners of Kesten about the pendency of the BVI law suit. On September 16, 2010, TCB's liquidators filed a complaint to domesticate its BVI judgment against Kesten in the United States Bankruptcy Court for the Southern District of New York, Case No. 05-60279 (SMB).

23. Interpleader Defendant Brazil has criminally charged Brazilian nationals Antonio Pires de Almeida ("Pires"), Regina Ruriko Inoue ("Inoue") and Roseli Ciolfi ("Ciolfi") and their associates for money laundering, illegal currency remittance, tax evasion and various fraudulent activities in violation of Brazilian law. Pires, Inoue, and Ciolfi were the true beneficial owners of, and controlled, Kesten and Turist-Câmbio prior to the 1999 and 2000 DEA seizures, and operated those entities in violation of Brazilian law, and are alleged to

have used those entities to facilitate their criminal acts. The Brazilian criminal actions aim to forfeit Kesten and Turist-Câmbio assets, including the funds held in the United States, as the proceeds of Brazilian crimes. In July, 2010, Brazil informed the United States that the criminal proceedings against Pires, Inoue and Ciolfi are near completion. The funds are alleged to be criminal proceeds currently subject to forfeiture in Brazil, and once the São Paulo Court enters a forfeiture judgment against the funds, Brazil would ask the United States, pursuant to its treaty obligations, to enforce the forfeiture judgment. The Brazilian criminal court, on July 30, 2010, issued an order further restraining the Brazilian criminal defendants from attempting to move or alienate the funds in question even if those funds were released by the U.S. courts. A violation of this order subjects those who violate the order to a daily fine of 100,000 Reais, and possible arrest.

24. Interpleader Defendants, Kesten and Turist-Câmbio have yet to appear in the United States to reclaim their interests in the funds. After the D.C. District Court entered the September 23, 2010 order vacating the restraining order, the United States, through official channels, and pursuant to the Mutual Legal Assistance Treaty procedures, asked the Government of Brazil to serve Kesten and Turist-Câmbio that order through their last known beneficial owners, namely, Pires, Inoue and Ciolfi. In addition, now that the January 26, 2005 restraining order was vacated, the United States is bound by the July 6, 2004 New Jersey District Court ruling which ordered the return of the funds to Kesten and Turist-Câmbio. Upon receiving notice that the D.C. restraining order has been vacated, Kesten and Turist-Câmbio's beneficial owners could demand that the United States honor the 2004 New Jersey order releasing the full amount of the funds to their beneficial owners or legal representatives.[2]

---

[2] According to the verified statement of interest or right filed by claimants Kesten and Turist-Câmbio in the New Jersey proceeding (New Jersey Civil Action No. 00-2667), Ciolfi was last identified as the owner and the duly appointed

8

## INTERPLEADER

25. The interpleaded funds cannot fully satisfy the claims being asserted by the above-referenced four claimants because Brazil claims an interest in all of the funds, and the asserted claims by Interpleader Defendant Barry Fischer Law Firm and Interpleader Defendant TCB's liquidators would exceed the amount of the seized funds. Given the defendants' competing claims for the funds seized, the United States cannot determine which of the Defendants in Interpleader are entitled to the funds.

26. Pursuant to 28 U.S.C. § 1335 (a)(2), the United States will deposit with the Clerk of the District Court the sums representing the seized funds, to abide by the judgment of this Court.

27. The United States files this interpleader action in good faith and without any collusion with any of the parties thereto.

## Prayer for Relief

Wherefore, the United States prays for judgment against Defendants in Interpleader and each of them as follows:

1. That the Defendants in Interpleader and each of them be required to interplead and litigate among themselves their claims to the funds described;

2. That the Court determine and enter an order setting forth the proper recipients of the seized funds;

3. That the United States be dismissed from this action without prejudice[3] following payment of the proceeds into the registry of the Court; and

---

representative of Turist-Câmbio, and the duly appointed representative for Kesten. Docket Number 103, ¶1,2. Brazilian authorities believe this is a sham designation and that Pires actually owns and controls both.

[3] The United States may move to restrain the funds pursuant to 28 U.S.C. § 2467 in the future if a Brazilian court enters a forfeiture judgment against these assets and Brazil makes a treaty request to enforce same, or if Congress passes a legislative amendment responding to the *Tiger Eye* ruling that would allow a U.S. district court to issue a restraining order in support of foreign forfeiture proceedings prior to the entry of a foreign forfeiture judgment.

4. For such other and further relief as the Court deems just and equitable under the circumstances.

Dated: October 20, 2010

>PREET BHARARA
>United States Attorney for the
>Southern District of New York
>Attorney for the Plaintiff
>United States of America

By: *[signature]*

>SHARON COHEN LEVIN (SCL-4124)
>Assistant United States Attorney
>One St. Andrew's Plaza
>New York, NY 10007
>Telephone: (212) 637-1060

*[signature]*

>LINDA M. SAMUEL, Deputy Chief
>DC BAR #388970
>A.J. DE KLUIVER, Senior Trial Attorney
>LA BAR #20163
>United States Department of Justice,
>Criminal Division
>Asset Forfeiture and Money
>Laundering Section
>1400 New York Avenue, N.W. Ste 10100
>Washington, D.C. 20530
>Tel: (202)514-1263; Fax: (202)514-5522
>Attorneys for the United States of America