# THE BARRY FISCHER LAW FIRM LLC

550 FIFTH AVENUE – 6TH FLOOR
NEW YORK, NEW YORK 10036-5007
TEL.: (212) 840-9300
FAX.: (212) 840-9323
WWW.BFLF-US.COM

BARRY R. FISCHER
ADMITTED IN NY AND FL
BFISCHER@BFLF-US.COM

November 12, 2010

**By CM/ECF and U.S Mail**
The Honorable Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1630
New York, NY 10007-1312

        Re:   *United States of America v. The Barry Fischer Law Firm LLC, et al.*
                Case No. 10-cv-7997 (TPG)

Dear Judge Griesa:

      This will constitute a letter brief by interpleader defendant the Barry Fischer Law Firm in Opposition to the Issuance of Letters Rogatory and in Support of a Motion to Dismiss Brazil as a party to this case.

      This is an interpleader action commenced by the government on October 20, 2010.

      I write on behalf of interpleader defendant *pro se* the Barry Fischer Law Firm LLC ("Fischer Law Firm") and Friedman Kaplan Seiler & Adelman LLP ("Friedman Kaplan") (collectively "the law firms"). The law firms claim an attorney's charging lien to 1/3 of the interpleaded funds, but they have agreed to accept less in an agreement with the liquidators so as to avoid further and unnecessary litigation.

      I submit this letter and my accompanying declaration and exhibits thereto in opposition to the multiple requests by the United States of America for the issuance of letters rogatory enabling the service of the interpleader complaint upon the Federative Republic of Brazil ("Brazil") and upon Antonio Pires de Almeida, Regina Ruriko Inoue and Roseli Ciolfi ("Brazilian citizens") and in support of a motion to dismiss Brazil as a party to this case.

# THE BARRY FISCHER LAW FIRM LLC

Further, with the Court's permission, by this letter, upon the attached declaration and exhibits, and upon the Motion to Dismiss filed by Richard Fogerty, the Joint Official Liquidator of Trade and Commerce Bank on November 10, 2010, the Fischer Law Firm hereby moves to dismiss Brazil from this action.

As set forth more extensively in my declaration, Brazil has no legitimate claim upon the interpleaded funds that are the subject of this action and should be dismissed from the action. As the government has already acknowledged, the Court of Appeals for the D.C. Circuit has held that the US government lacks any basis under 28 U.S.C. § 2467 (d)(3) to restrain funds at the request of a foreign government prior to a final forfeiture judgment against the owner of the funds in the foreign country. *See In re Any and all funds or other assets in Brown Brothers Harriman & Co. Account No. 8870792 in the name of Tiger Eye Investments Ltd*., No. 09-5065, 2010 WL 2794281 (D.C. Cir. July 16, 2010) ("Tiger Eye"). Here, as I explain in my declaration – and contrary to the US government's assertion in its complaint – a final conviction and judgment of forfeiture in Brazil against the Brazilian citizens is at least five years away. As the Brazilian government has no final order of forfeiture, it has no claim against the interpleaded funds and should be dismissed from the action. For this reason, the Court should deny the government's application for letters rogatory to Brazil.

At a minimum, the US government should be required now by this Court to make a proffer, in light of the foregoing, of the legal basis for its inclusion of Brazil as a proper claimant in this interpleader action, keeping in mind the Tiger Eye decision and the likelihood that at least five years will pass before there could be a judgment of forfeiture which would allow the US government to again restrain the Seized Funds on behalf of Brazil.

The Court should deny the government's request for letters rogatory to the Brazilian citizens as well. As a preliminary matter, service of a corporation should be completed upon the corporation, not the Brazilian citizens whom the government contends are the beneficial owners of the corporation.

In all events, the Brazilian attorneys (Roberto Correa de Mello and Sergio Salgado Ivahy Badaro) who represent the Brazilian citizens alleged to have controlled Kesten and Turist Cambio have represented to me that those Brazilian citizens will make no claim against the interpleaded funds on their own behalf or on behalf of any company in order to be in conformity with an order of the Brazilian courts. In the Brazilian order, dated July 30, 2010, and issued in direct reaction to the *Tiger Eye* decision in the U.S., a Brazilian court restrained the Brazilian citizens allegedly associated with Kesten and Turist-Cambio from attempting to claim or take possession of any of the Seized Funds. *See* Fischer Decl., Exhibit 1. Due to the restraints placed upon them by the Brazilian order, none of Kesten, Turist-Cambio or the Brazilian Citizens can or will respond to the interpleader complaint.

The government's request for letters rogatory also should be denied because issuance of the letters would pose an unacceptable and unnecessary delay. According to the US State

2

# THE BARRY FISCHER LAW FIRM LLC

Department's web site, requests for letters rogatory to Brazil take more than <u>three years</u> to complete.  What is more, according to the US Department of Justice, of 100 requests for service of letters rogatory from the US to Brazil since May 2003, only <u>2 have been successfully executed in Brazil</u>. *See* Fischer Declaration, Exhibit 2.  In essence, the government's own website admits that letters rogatory to Brazil have only a 2% chance of successful execution and, even if they are successfully executed, would cause a three year delay.  Given the facts set forth above and in my declaration, the Court should deny the request for this reason as well.

      We are available to discuss these matters at the Court's convenience.

                                  Respectfully submitted,

                                  *s/ Barry R. Fischer*

cc:  Sharon Cohen Levin, Esq. , William T. Reid IV, Esq.

# THE BARRY FISCHER LAW FIRM LLC

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 12th day of November 2010, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following counsel of record pursuant to Local Rule 5.2:

Sharon Cohen Levin, Esq. (Sharon.Levin@usdoj.gov)
U.S. Attorney's Office
One St. Andrews Plaza
New York, NY 10007

William Thomas Reid, Esq. (wreid@reiddavis.com)
Reid Davis LLP
30 Wall Street, 9th Floor
New York, NY 10005

Chun T. Wright, Esq. (chun@ctwrightlaw.com)
Law Office of Chun T. Wright, PLLC
1425 K Street, NW, Suite 350
Washington, DC 20005

                                             *s/ Barry R. Fischer*
                                              Barry R. Fischer, Esq. (BF0274)