UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
UNITED STATES OF AMERICA,                        :
:
      Plaintiff,  : 10 Civ. 7997 (TPG)
:
  –against–                            : **OPINION**
:
BARRY FISCHER LAW FIRM, LLC,                     :
KESTEN DEVELOPMENT CORP.,                        :
TURIST-CÂMBIO VIAGENS E TURISMO                  :
LTDA, RICHARD E.L. FOGERTY and G.                :
JAMES CLEAVER as Liquidators of                  :
Trade and Commerce Bank, and THE                 :
FEDERATIVE REPUBLIC OF BRAZIL,                   :
:
    Interpleader Defendants. :
:
------------------------------------------------x

  This case comes before the court on an interpleader complaint brought by the United States to determine the proper recipients of approximately $8 million previously seized by the U.S. in a criminal case. The U.S. has filed a motion for letters rogatory in order to serve foreign interpleader defendants, including the Federative Republic of Brazil. Two other interpleader defendants--Barry Fischer Law Firm, LLC ("Fischer") and the liquidators of Trade and Commerce Bank ("TCB")--oppose this motion and have filed a motion to dismiss Brazil as an interpleader defendant. The TCB liquidators have also filed a motion to permit execution on judgment.

The motions to dismiss Brazil and to permit execution on judgment are denied. Plaintiff's motion for letters rogatory is granted.

**BACKGROUND**

This case arises out of a series of financial frauds perpetrated by the Peirano family in Uruguay. Ultimately these frauds helped precipitate a financial crisis in Uruguay that nearly brought down the country's banking system, where the Peirano family owned nearly four out of every ten banks. The Peiranos involved in this fraud are currently imprisoned in Uruguay. Many of those who aided the Perianos are either imprisoned or on trial in other South American countries, including Brazil.

The Downfall of Trade and Commerce Bank

One of the banks brought down by these frauds was TCB, a British Virgin Islands ("BVI") entity, of which the Peiranos were principals. It appears that money was looted from TCB by the Peiranos and laundered with the help of interpleader defendants Kesten Development Corporation ("Kesten"), a BVI corporation; its parent, Turist-Cambio Viagens Turismo LTDA ("Turist"), a Brazilian company; and various principals of these companies.

In the aftermath of the bank's failure, depositors and investors lost millions of dollars and Kesten and Turist eventually went out of

business.  TCB entered bankruptcy and liquidators--interpleader defendants Richard E.L. Fogerty and G. James Cleaver--were appointed.

Previous Litigation

In January 1999, prior to the crisis at TCB, the DEA obtained warrants to seize the contents of bank accounts maintained by Kesten and Turist at bank branches in the U.S.  Kesten's account contained $6,871,042.36 and Turist's account contained $1,345,771.64.  These funds are the subject of the current interpleader action.

In 2000, the U.S. instituted a forfeiture action against Kesten and Turist.  The forfeiture complaint alleged that the seized funds were involved in a drug money laundering conspiracy headed by a South American money exchanger, Markos Glikas.  Glikas was convicted of conspiracy to commit money laundering in March 1999.  As part of the conspiracy, Glikas allegedly delivered drug proceeds to Antonio Pires de Almeida ("Pires"), the former owner of Turist, who would then launder the money through various intermediate accounts, ultimately depositing it in Kesten's and Turist's accounts.  Interpleader defendant Fischer represented Kesten and Turist in the forfeiture action.  After protracted litigation, the forfeiture action was ultimately dismissed.  U.S. v. $8,221,877.16, No. 00cv2667, slip op. (D.N.J. July 6, 2004).

Following this dismissal, but before the funds could be returned to Kesten and Turist, two Brazilian criminal courts entered restraining orders in Brazil against the funds. On January 24, 2005, the Brazilian Federal Prosecution Service obtained a "criminal complaint" against Pires and the other former principals of Kesten and Turist, who were previously the beneficial owners of the funds at issue in the current interpleader action. As part of the criminal proceedings, Brazil formally requested that the U.S. restrain the funds as they may be part of a future criminal forfeiture proceeding in Brazil. The United States District Court for the District of Columbia granted the U.S. a restraining order on January 26, 2005 pending the outcome of the Brazilian criminal proceedings.

While the District of Columbia litigation was ongoing, the liquidators of TCB revived the previously defunct Kesten and obtained a BVI judgment of approximately $16 million against Kesten for its role in the downfall of TCB. The liquidators had the BVI judgment recognized in the United States and then attempted to intervene in the District of Columbia litigation to lift the restraining order and execute on the funds. This intervention was opposed by the United States.

Before the conflict regarding the intervention could be resolved, the U.S. Court of Appeals for the District of Columbia Circuit handed down a decision in an unrelated case, which held that courts could not restrain

assets in anticipation of foreign forfeiture proceedings, but could do so only after a final order of forfeiture had been issued. In re Tiger Eye Investments Ltd, 613 F.3d 1122 (D.C. Cir. 2010). Because a Brazilian forfeiture order had yet to come down with regard to the funds seized from Kesten and Turist, the restraining order was vacated. The U.S. then filed the current interpleader action.

Current Litigation

The U.S. filed this interpleader complaint pursuant to 28 U.S.C. § 1335 alleging, *inter alia*: (1) that the U.S. was in possession of the seized funds; (2) that Kesten and Turist formerly held the funds; (3) that Fischer claims a "charging lien" on the funds for legal fees owed by Kesten and Turist; (4) that the liquidators of TCB claim a BVI judgment against the funds; (5) that Brazil is seeking criminal forfeiture of the funds and would ask the U.S., pursuant to its treaty obligations, to enforce the forfeiture judgment; and (6) that the interpleaded funds cannot fully satisfy the claims being asserted by the various claimants.

Three of the interpleader defendants--Brazil, Kesten, and Turist-- have yet to be served as required by the Federal Rules of Civil Procedure. See Fed. R. Civ. Pro. 4. The U.S. has filed a motion for letters rogatory in order to serve Brazil and individuals, currently residing in Brazil, who were the beneficial owners of Kesten and Turist at the time the funds were seized. Fischer and the TCB liquidators oppose this motion and

further have filed a motion to dismiss seeking to dismiss Brazil as an interpleader defendant altogether. Finally, the TCB liquidators have filed a motion to permit execution on judgment, which relies on a settlement reached between the TCB liquidators and Fischer as well as many of the same arguments advanced in their motion to dismiss as to why Brazil is not entitled to any of the funds held by the U.S.

**DISCUSSION**

The court will dispose of these motions first by determining whether Brazil is a proper party in this action, and if so, then determining whether letters rogatory are the proper means of service for Brazil, Kesten, and Turist. Finally, the court will consider the TCB liquidators' Motion to Permit Execution on Judgment.

Motion to Dismiss

An interpleader claim under 28 U.S.C. § 1335 must satisfy three elements to be heard by a federal court. Plaintiff must first allege that it is in possession of a single fund of value greater than $500. See Payless Shoesource, Inc. v. Avalon Funding Corp., 666 F. Supp. 2d 356, 360 (E.D.N.Y. 2009). Plaintiff must also allege a real and reasonable fear of vexatious, conflicting claims against the single fund, "regardless of the merits of the competing claims." Id. Finally, the plaintiff must state that it has deposited the fund with the court. Id. Furthermore, with regard

to proper defendants in an interpleader action, the Federal Rules of Civil Procedure state that "[p]ersons with claims that *may* expose a plaintiff to double or multiple liability *may* be joined as defendants" in an interpleader action. Fed. R. Civ. Pro. 22(a)(1) (emphasis added).

The party who must satisfy these requirements to survive a motion to dismiss is the party who files the interpleader complaint, not any particular party making a claim on the fund. In other words, it is the holder of the fund--the interpleader plaintiff--who must allege, for example, that there is an actual dispute as to whom the funds should be given. There is no burden, at the motion to dismiss stage, on any claimants to prove the merits of their particular claims.

The motion to dismiss centers on one issue: movants argue that Brazil has no legally plausible claim to the funds and therefore the U.S. has no reasonable fear of vexation from Brazil and Brazil should therefore be dismissed as an interpleader defendant. The U.S. responds that a motion to dismiss is an improper way to determine the merits of Brazil's claim to the fund and, in any case, Brazil's claim to the fund is at least as plausible as the other interpleader defendants' claims.

The court need not determine the merits of Brazil's claim and it would be improper to do so before Brazil has been properly served. The U.S. need only show that its inclusion of Brazil's claims is not frivolous.

See Sotheby's, Inc. v. Garcia, 802 F. Supp. 1058, 1065 (S.D.N.Y. 1992). The U.S. has carried this burden.

The U.S. has alleged in its complaint that Brazil is currently pursuing a criminal action against the last beneficial owners of Kesten and Turist and that it will seek criminal forfeiture of the funds involved in this action. That Brazil has not yet received a final order of forfeiture was crucial in its previous attempt to restrain the funds, discussed above, but it is of no consequence in this action, as 28 U.S.C. § 1335 and Rule 22 provide for joining anyone who claims or *may claim* to be entitled to such money or property. Brazil's declared intention to pursue criminal forfeiture is sufficient for the U.S. to reasonably believe that Brazil may claim the funds at issue here. In fact, the previous litigation in the District Court in the District of Columbia underscores that Brazil firmly believes it has a claim to this money and that the inclusion of Brazil by the U.S. in this action was proper. Furthermore, as the funds may be subject to criminal forfeiture in Brazil, Brazil has a "unique interest" in resolving the ownership of the funds and determining how the funds should be used to compensate victims in that country. See Republic of the Philippines v. Pimentel, 553 U.S. 851, 866 (2008). For these reasons, Brazil is properly made a party to this action.

Defendants' primary argument against the inclusion of Brazil is one of fairness. Defendants claim that this is an improper third bite at the

apple by the U.S. with respect to these funds (after the New Jersey forfeiture and District of Columbia restraining order actions). Defendants claim the primary purpose of the U.S. in filing the interpleader action is to delay disbursement of the fund in order to give the Republic of Brazil more time to find a way to make a claim on the fund. Such a motive is not evident to the court and is certainly not apparent on the face of the interpleader complaint. In any case, the two previous actions, although involving the funds at issue in the present action, were brought for different reasons under different theories. There is nothing about the previous actions that makes the current interpleader action improper; in fact, as noted above, the previous litigation serves to highlight the disputed nature of the claims to these funds and the possible vexations facing the U.S. if these funds are not properly disbursed through this interpleader action.

For these reasons, the motion to dismiss is denied.

Motion for Letters Rogatory

Brazil, Kesten, and Turist are foreign parties and, as such, determining the proper mode of service of process requires consideration of notions of comity and sovereignty. The U.S. has determined, through discussions with the Brazilian government, that, pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608, and the Inter-American Convention on Letters Rogatory, 1438 U.N.T.S. 287, the only mode of

service in this case with respect to Brazil is to personally serve Brazil's Federal Counsel-General via letters rogatory. As such, the U.S. has filed a motion for letters rogatory to allow this service. The U.S. is also seeking letters rogatory to invoke the assistance from the appropriate judicial authority in Sao Paulo to serve the individuals who were beneficial owners of Kesten and Turist at the time the funds were initially seized.

Interpleader defendants Fischer and TCB liquidators oppose the motion for letters rogatory. They claim that (1) service on interpleader defendant Kesten's last beneficial owners would be improper because the corporation has been revived; and (2) that service by letters rogatory will cause an unacceptable delay and will likely be unsuccessful and that service should instead be made in an alternative fashion.

As to defendants' first claim, the court need not reach the merits of this claim because even if process could be served on Kesten, since its existence has now been revived, no such service could be made on Turist. Without the existence of Turist, service is properly made on Turist's last beneficial owners. The last beneficial owners of Turist are also the last beneficial owners of Kesten; so under any scenario, they will have to be served. Furthermore, the purpose of an interpleader action is to allow the stakeholder, the interpleader plaintiff, to establish proper ownership of some property in order to avoid future vexations. Such

existence of previous beneficial owners of currently defunct corporate interpleader defendants properly raises cause for concern by an interpleader plaintiff and allowing service on those beneficial owners serves the purposes of this interpleader action. Therefore, service on the last beneficial owners of Kesten and Turist is proper.

As to defendants' second argument, the structure of 28 U.S.C. § 1608 makes it clear that service on Brazil must be attempted in this case by letters rogatory before any other mode, such as that proposed by defendants, can be used. The first mode of service listed is by "any special arrangement." § 1608(a)(1). The next subsection begins, "if no special arrangement exists," and instructs parties to serve process according to international agreement. § 1608(a)(2). In this case, that process is through letters rogatory. Subsection (a)(3) begins, "if service cannot be made under paragraphs (1) or (2)," and subsection (a)(4) begins, "if service cannot be made within 30 days under paragraph (3)." The structure of the statute is hierarchical. The method is (a)(2) may be used only if the method in (a)(1) is not available, and so on through (a)(3) and (a)(4). Because no special arrangement exists between the U.S. and Brazil, the court currently finds itself governed by (a)(2). Only if service via letters rogatory is unsuccessful can alternative means be attempted. There is no exception to (a)(2) based on expected delay or odds of success and this court will not read such exceptions into that subsection. See Finamar Investors Inc. v. Republic of Tadjikistan, 889 F. Supp. 114, 117

(S.D.NY. 1995) (courts "require strict adherence to" § 1608 service provisions). Brazil must therefore be served via letters rogatory.

Regarding service to the individuals via letters rogatory, such service is clearly contemplated in the federal rules and appears to be the proper mode in this case. Fed. R. Civ. Pro. 4(f)(1), (2)(B).

Plaintiff's motion for letters rogatory is therefore granted.

Motion to Permit Execute on Judgment

Interpleader defendant TCB liquidators filed a motion to permit execution on judgment prior to the U.S. filing its motion for letters rogatory and prior to the TCB liquidators filing a motion to dismiss. This initial motion makes many of the same arguments made in the motion to dismiss and the opposition to letters rogatory and these points need not be reexamined. Because the court will allow the Brazilian defendants to remain in this action and because those defendants have not yet been heard, any execution on judgment on the funds in this case is premature.

Thus, the motion to permit execution on judgment is denied.

**CONCLUSION**

The motions to dismiss Brazil and to permit execution on judgment are denied. Plaintiff's motion for letters rogatory is granted.

SO ORDERED.

Dated: New York, New York
January 5, 2011

_____
Thomas P. Griesa
U.S.D.J.